## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| SHANNON JENKINS,<br><br>                Plaintiff,<br><br>      v.<br><br>ALBIREO PHARMA, INC., DAVID CHISWELL, SUSAN ALESINA, RONALD H.W. COOPER, HABIB DABLE, MICHAEL GUTCH, CRAIG HOPKINSON, STEPHANIE S. OKEY, and DAVEY S. SCOON,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shannon Jenkins ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Plaintiff against Albireo Pharma, Inc. ("Albireo" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Ipsen Biopharmaceuticals, Inc. ("Ipsen").[1]

2. On January 8, 2023, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with Ipsen, Ipsen's wholly owned subsidiary, Anemone Acquisition Corp. ("Purchaser") and, solely for the limited purposes set forth therein, Ipsen Pharma SAS. The Merger Agreement provides that Albireo stockholders will receive: (a) $42.00 per share in cash, plus (b) one contingent value right per share ("CVR"), which represents the right to receive contingent payments of $10.00 in cash per share upon the achievement of a specified milestone (the "Milestone"), via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the January 23, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] Purchaser commenced the Tender Offer on January 23, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on February 21, 2023.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is and has been at all times relevant hereto, the owner of Albireo common stock.

10. Defendant Albireo is a Delaware corporation with its principal executive offices located at 53 State Street, 19th Floor, Boston, Massachusetts 02109. Albireo's shares trade on the Nasdaq Capital Market under the ticker symbol "ALBO." Albireo is a commercial-stage biopharmaceutical company focused on the development and commercialization of novel bile acid modulators to treat pediatric and adult liver diseases. Albireo's lead product, Bylvay, was approved by the U.S. Food and Drug Administration as the first drug for the treatment of

pruritus in all types of progressive familial intrahepatic cholestasis ("PFIC") for ages 3 months or older, and authorized in Europe for the treatment of PFIC in patients ages 6 months or older.

11. Defendant David Chiswell is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Susan Alesina is and has been a director of the Company at all times relevant hereto.

13. Defendant Ronald H.W. Cooper is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

14. Defendant Habib Dable is and has been a director of the Company at all times relevant hereto.

15. Defendant Michael Gutch is and has been a director of the Company at all times relevant hereto.

16. Defendant Craig Hopkinson is and has been a director of the Company at all times relevant hereto.

17. Defendant Stephanie S. Okey is and has been a director of the Company at all times relevant hereto.

18. Defendant Davey S. Scoon is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

20. On January 9, 2023, Ipsen and the Company jointly announced in relevant part:

4

PARIS, FRANCE & BOSTON, U.S., 09 January 2023 – Ipsen (Euronext: IPN: ADR: IPSEY) and Albireo (Nasdaq: ALBO) today announced that they have entered into a definitive merger agreement under which Ipsen will acquire Albireo, a leading innovator in bile-acid modulators to treat pediatric and adult cholestatic liver diseases. The anticipated acquisition will enrich Ipsen's Rare Disease portfolio and pipeline.

The lead medicine in Albireo's pipeline is Bylvay® (odevixibat), a potent, once-daily, oral, non-systemic ileal bile acid transport inhibitor (IBATi). Bylvay was approved in 2021 in the U.S. for the treatment of pruritus in patients three months of age and older with progressive familial intrahepatic cholestasis (PFIC)1, and in the E.U. for the treatment of PFIC in patients aged six months or older.2 Pruritus is one of the most prominent and problematic manifestations of the disease,3 often resulting in severely diminished quality of life.4 Bylvay has orphan exclusivity for the approved indications in PFIC in the U.S. and E.U.

"We are excited about the potential of Albireo's assets and scientific expertise, which we gain through this acquisition, and we believe this is a compelling growth opportunity for Ipsen." said David Loew, Chief Executive Officer of Ipsen. "Our Rare Disease franchise is strengthened with Bylvay, which, in addition to being the first-approved treatment in PFIC, has two further indications being investigated in rare liver conditions that are underserved. Additionally, Bylvay and the clinical and preclinical novel bile acid transport inhibitors in Albireo's portfolio complement our own pipeline in liver disease."

"Unwavering dedication to patients and commitment to science have always been the north star for Albireo. This focus has driven us to develop and gain approval for Bylvay as the first drug treatment for PFIC," said Ron Cooper, President and Chief Executive Officer of Albireo. "Our talented team at Albireo have advanced the first Phase III studies in three different pediatric liver diseases while discovering two promising new clinical stage bile acid modulators. We believe that Ipsen is well positioned to apply its global R&D and commercial capabilities to make these medicines available to more cholestatic liver disease patients and accelerate the mission of providing hope for families. "

In addition to this lead indication, Albireo announced in December 2022 that supplementary regulatory filings have been made for Bylvay in the E.U. and the U.S. for Alagille syndrome (ALGS). ALGS is a rare, genetic disorder that can affect multiple organ systems, including the liver, with a paucity of bile ducts preventing bile flow from the liver to the small intestine. The most debilitating symptom of ALGS is severe pruritus.5 In the Phase III ASSERT trial, treatment with Bylvay met both primary and secondary endpoints and was associated with statistically significant improvements in pruritus severity and reductions in serum bile acid levels compared to placebo, and was well tolerated.6

Furthermore, Bylvay is in late-stage development for biliary atresia (BA).  It is currently being investigated in the BOLD study, the first, prospective double-blind, Phase III clinical trial in BA, a rare, pediatric liver disease that can result in cirrhosis and liver failure and is the leading cause of liver transplantation among children.7 Orphan drug designations have been granted in both ALGS and BA indications in the U.S. and E.U.

As part of the transaction, Ipsen will also acquire Albireo's clinical stage asset A3907, a novel oral systemic apical sodium-dependent bile acid transporter (ASBT) inhibitor currently in development for adult cholestatic liver disease, such as primary sclerosing cholangitis (PSC), which could complement Ipsen´s existing development programs.  In addition to Bylvay and A3907, Albireo's pipeline includes A2342, an oral systemic sodium-taurocholate co-transporting peptide (NTCP) inhibitor being evaluated for viral and cholestatic diseases, which is moving ahead in investigational new drug (IND)-enabling trials.

**Financial highlights**

The acquisition of Albireo will provide immediate incremental sales and strengthen Ipsen's rare disease infrastructure.  Albireo guided for total Bylvay revenues of $24 million for 2022.  Given the level of ongoing R&D expenses, the transaction is expected to be dilutive to Ipsen's core operating income until the end of 2024.  This is in line with Ipsen's medium-term outlook regarding its strategic focus on building a high-value and sustainable pipeline through external innovation.  The Group will provide its annual guidance for 2023 in February.

**Transaction details**

Under the terms of the agreement and plan of merger, Ipsen, through a fully-owned subsidiary, will initiate a tender offer to acquire all outstanding shares of Albireo at a price of $42.00 per share in cash at the closing of the transaction, for an initial estimated aggregate consideration of $952 million plus one contingent value right (CVR) per share.  Each CVR will entitle its holder to deferred cash payments of $10.00 per CVR payable upon the U.S. Food and Drug Administration (FDA) approval of Bylvay in the Biliary Atresia indication at the latest by 31 December 2027, allowing for a potential increase in the number of patients in the BOLD study.

The $42.00 per-share cash consideration represents a premium of 104% compared to Albireo's 1-month volume-weighted average price of $20.60 preceding announcement of the transaction.  The transaction will be fully financed by Ipsen's existing cash and lines of credit.  The Board of Directors of Albireo has unanimously approved the transaction and recommended that the stockholders of Albireo tender their shares in the tender offer.

The closing of the tender offer will be subject to customary conditions, including the tender of shares which represent at least a majority of the total number of Albireo's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and the receipt of consents of, or filings with, any governmental body or pursuant to certain foreign antitrust laws and the expiration of any applicable waiting period and other customary conditions. Upon the successful completion of the tender offer, Ipsen would acquire all shares not acquired in the tender offer through a second-step merger for the same consideration that the tendering stockholders will receive in the tender offer. It is anticipated the transaction will close by end of Q1, 2023.

**Advisors**

Goldman Sachs is acting as exclusive financial advisor to Ipsen and Orrick Herrington & Sutcliffe LLP as legal counsel to Ipsen. Centerview Partners is serving as exclusive financial advisor to Albireo. Chestnut Partners also provided advice to Albireo. Paul, Weiss, Rifkind, Wharton & Garrison and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C are serving as legal counsel to Albireo.

**The Materially Incomplete and Misleading Solicitation Statement**

21. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on January 23, 2023. The Solicitation Statement, which recommends that Albireo stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); and (b) potential conflicts of interest faced by Centerview and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Centerview's Financial Analysis*

22. The Solicitation Statement fails to disclose material information concerning each case of the financial forecasts for the Company, including the line items underlying the

Company's projected EBIT and Unlevered Free Cash Flow.

23. The Solicitation Statement also fails to disclose a summary of the Company's non-probability-adjusted projections.[4]

24. The Solicitation Statement reflects that Centerview reviewed "certain financial forecasts, analyses and projections and probabilities of success relating to Albireo and the probability of realizing the Milestone prepared by management of Albireo and furnished to Centerview by Albireo for purposes of Centerview's" fairness opinion. *Id.* at 29. The Solicitation Statement does not, however, disclose the probability of realizing the Milestone prepared by Company management and relied upon by Centerview.

25. The Solicitation Statement fails to disclose material information concerning Centerview's financial analysis.

26. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose the terminal values for the Company.

27. With respect to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective individual financial metrics for each company and transaction analyzed.

28. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and the sources thereof.

29. With respect to the *Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the identities of the transactions

---

[4] The Solicitation Statement at page 26 sets forth that the Company's projections "include long-term probability-adjusted forecasts through fiscal year 2045[.]"

observed and the individual premia for each transaction.

*Material Misrepresentations and/or Omissions Concerning Centerview's and Company Insiders' Potential Conflicts of Interest*

30. The Solicitation Statement fails to disclose material information concerning the potential conflicts of interest faced by Centerview, including whether Centerview has performed any services for Federated Hermes, Inc. or Perceptive Advisors LLC, who together hold approximately 24.2% of the Company's common stock, in the two years preceding the date of its fairness opinion as well as any compensation received for such services.[5]

31. The Solicitation Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Ipsen's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

32. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Centerview Partners LLC," "Background of the Merger," and "Arrangements between Albireo and its Executive Officers, Directors and Affiliates" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

33. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Albireo will be unable to make a

---

[5] The Solicitation Statement sets forth that at a January 8, 2023 Board meeting, Centerview provided the Board with information with respect to "any material relationships with either Albireo, Ipsen or Federated Hermes, Inc. or Perceptive Advisors LLC, Albireo's two largest stockholders[.]" *Id*. at 19.

sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

34. Plaintiff repeats all previous allegations as if set forth in full.

35. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Albireo stockholders to tender their shares in the Tender Offer.

36. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

37. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

38. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

39. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Albireo, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

43. Plaintiff repeats all previous allegations as if set forth in full.

44. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made,

not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

45. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Albireo stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning Centerview's financial analyses, the background of the Proposed Transaction, and Centerview's and Company insiders' potential conflicts of interest.

46. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

47. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

### COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of Albireo within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

officers and/or directors of Albireo, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

52. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Albireo stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 26, 2023                                                    **LONG LAW, LLC**

                                                             By:   */s/ Brian D. Long*
                                                                        Brian D. Long (#4347)
                                                                        3828 Kennett Pike, Suite 208
                                                                        Wilmington, DE 19807
                                                                        Telephone: (302) 729-9100
                                                                        Email: BDLong@LongLawDE.com

                                                                        *Attorneys for Plaintiff*